UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INSTITUTE FOR WILDLIFE PROTECTION, et al.,

        Plaintiff(s),

  v.

GALE NORTON, et al.,

        Defendant(s).

NO. C03-1251P

ORDER ON PLAINTIFFS' PETITION FOR COSTS OF LITIGATION INCLUDING ATTORNEY'S FEES

The above-entitled Court, having received and reviewed:

1. Plaintiffs' Petition for Costs of Litigation Including Attorneys Fees

2. Opposition to Plaintiffs' Petition for Attorneys' Fees and Costs

3. Reply re: Plaintiffs' Petition for Costs of Litigation Including Attorneys Fees

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is PARTIALLY GRANTED and PARTIALLY DENIED; while Plaintiffs' attorney hours are approved, as is their request to be reimbursed at the Seattle market rate, they are ordered to resubmit (within 10 days of the date of this order) their petition with those tasks which could be performed by a secretary or paralegal billed at the corresponding secretary or paralegal rate.

**Background**

On March 3, 2006, the Ninth Circuit Court of Appeals entered judgment in favor of Plaintiffs, who had petitioned for listing of the Western Sage Grouse under the Endangered Species Act (ESA). Although Plaintiffs contended that Defendants (collectively, the U.S. Fish and Wildlife Service, "FWS") had illegally delayed making a decision and then improperly issued a negative 90-day finding

**ORD ON MTN**
**FOR ATTYS FEES - 1**

1   reflecting their conclusion that the Western sage grouse was not a valid subspecies, this Court ruled

2   that Defendants were justified in their decision process and refused to remand the matter back to

3   FWS.  Plaintiffs appealed from that decision to the Ninth Circuit, and the Circuit's Mandate to this

4   Court (reversing the original ruling and remanding to FWS) was docketed on May 1, 2006.  Dkt. No.

5   56.  Plaintiffs are back before this Court to request attorneys fees and other costs of litigation which

6   accrued in the action at this level.

**Discussion**

    The ESA provides that a court may award costs of litigation including reasonable attorney fees for a final order "whenever the court determines such award is appropriate."  16 U.S.C. § 1540(g)(4). To qualify for attorney fees under the ESA, Plaintiffs must have "(1) achieved some success on the merits; and (2) contributed substantially to the goals of the [Act] in doing so."  Western States Petroleum Assoc. v. EPA, 87 F.3d 280, 286 (9th Cir. 1996).

    The government concedes that Plaintiffs have satisfied the "success" requirement, but argues that Plaintiffs did not "contribute substantially" to the goals of the ESA because their lawsuit did not "serve the public by assisting in the interpretation and implementation of the ESA."  Carson-Truckee Water Conservancy Distr. v. Sec'y of the Interior, 748 F.2d 523, 525 (9th Cir. 1984).  The government's supporting cases, however, are distinguishable (e.g., the "prevailing" party in Western States was a "a financially able... party having no more than its own economic interests at stake" 87 F.3d at 286).  Plaintiff's lawsuit in this instance represented just what the ESA was created to accomplish – a public interest organization seeking to restrain alleged governmental impropriety which negatively affects the ecology.  This certainly satisfies the Carson-Truckee test of "assisting in the... implementation of the ESA."  Plaintiffs are entitled to attorneys fees under the ESA.

    The government next argues that Plaintiffs have resorted to block billing – basically, grouping items into "task" categories and listing the total hours for that task – a practice which they claim is

**ORD ON MTN
FOR ATTYS FEES - 2**

1  "strictly forbidden." Opp. to Petition, p. 6. Plaintiffs deny that what they have submitted is block
2  billing (which the cases define as the lumping together of "discrete and unrelated" tasks; <u>see</u>, e.g.,
3  <u>Defenbaugh v. JBC & Assoc.</u>, 2004 WL 1874978, *9 (N.D. Cal. 2004)) and claim that the tasks are
4  related and that the time entries reflect sufficient detail to allow the court to properly review the
5  amount of time expended.

6  The Court agrees that the time entries in Plaintiffs' billing are in fact grouped into related tasks,
7  and cannot be properly characterized as "block billing." However, the government makes a second
8  point relative to Plaintiffs' itemized billing which is valid – not all of the tasks require someone with
9  the training and skill of an attorney and therefore should not compensated at the attorney's hourly
10 rate. For example, pinpoint cite checking and Shepardizing can be done by a paralegal, and the cases
11 make clear that, whether or not these tasks actually <u>are</u> performed by a paralegal, they should not be
12 paid for at any greater than a paralegal rate. <u>Davis v. City and County of San Francisco</u>, 976 F.2d
13 1536, 1543 (9th Cir. 1992) (*abrogated on other grounds*).

14 The government cites eight instances of tasks being billed out at the attorney rate which could
15 be performed by secretaries (filing or e-mailing documents, searching for FedEx delivery address) or
16 paralegals (pinpoint cite checking, Shepardizing). Opp. to Petition, pp. 7-8. The Court agrees that
17 Plaintiffs' counsel should be compensated at a reduced rate for those activities. Plaintiffs are directed
18 to resubmit their bill with the rates for the above-noted activities adjusted to reflect the appropriate
19 skill and compensation level.

20 The government points out that, while Plaintiffs and their attorney are located in Eugene,
21 Oregon, the requested rates are based on the legal market in Seattle. The defense notes that the
22 "reasonable hourly rate is typically determined according to the prevailing market rate in the relevant
23 legal community" (<u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984)), then goes on to cite a D.C. Circuit
24 Court opinion for the proposition that the billing rates should be calculated based upon where the

**ORD ON MTN**
**FOR ATTYS FEES - 3**

work was performed. <u>Davis v. County Solid Waste Mgmt. Distr. v. EPA</u>, 169 F.3d 755, 759-60 (D.C.Cir. 1999).

However, the law in the Ninth Circuit is clear: the appropriate market to set the attorney's rates is the "forum district" (<u>Mendenhall v. NTSB</u>, 213 F.3d 464, 471 (9th Cir. 2000)) or more specifically, the forum rates "where the district court sits." <u>Davis v. Mason County</u>, 927 F.2d 1473, 1488 (9th Cir. 1991).   Seattle is the correct market to use in setting the rates for Plaintiffs' attorney.

**Conclusion**

Plaintiffs are entitled under the ESA to an award of the costs of litigation at the district court level, including attorneys fees.  Their attorney fees may be reimbursed at the Seattle market rate for similar work, but they are ordered to submit a revised billing statement which bills out the clerical and paralegal tasks associated with their lawsuit at a more appropriate rate.  That revised bill shall be submitted within 10 days of the date of this order.

The clerk is directed to provide copies of this order to all counsel of record.

Dated:  July __10__, 2006

Marsha J. Pechman
U.S. District Judge

**ORD ON MTN FOR ATTYS FEES - 4**